James J. Sullivan
WSBA No. 12423
11110 NE 38th Place
Bellevue, WA 98004
425-889-4521 Voice
425-889-8630 Fax
jjs@sullivanlaw.com

```
_____FILED  _____ENTERED
_____LODGED_____RECEIVED

       APR 12 2006      DJ

            AT SEATTLE
       CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
   BY                          DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TANA IHRIG and MARK IHRIG,<br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>**WASHINGTON MUTUAL BANK,** formerly known as PROVIDIAN NATIONAL BANK; **NEW AMERICAN CAPITAL, INC.**, a Delaware corporation, formerly known as PROVIDIAN FINANCIAL CORPORATION; **RICHARD J. BOUDREAU & ASSOCIATES, LLC**, a Massachusetts limited liability company; **LVNV FUNDING LLC**, a Delaware limited liability company; **PHILLIPS & COHEN ASSOCIATES, LTD**, a New Jersey corporation; and **RESURGENT CAPITAL SERVICES LP**, a Delaware Limited Partnership;<br>　　　　　　　　　　Defendants | Civil Action No.<br><br>**CV6    512 RSM**<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful and Tortious Debt Collection Practices; Unauthorized Practice of Law and Unfair Credit Reporting)<br><br>06-CV-00512-CMP |

SEA0327 SUSS

# COMPLAINT
## I. *Introduction*

1.　　This is an action for damages brought by the Plaintiffs, who are individual consumers, for Defendants' violations of the Fair Debt Collection

---

COMPLAINT AND DEMAND FOR JURY TRIAL 1 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

Practices Act, 15 U.S.C. § 1692, et seq., (hereinafter "FDCPA"); Fair Credit Reporting Act, 15 USC §1681 et seq., (hereinafter FCRA); RCW Chapter 19.86 Unfair Business Practices – Consumer Protection and RCW Chapter 19 16 Collection Agencies, which, among other things, prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and Washington's unauthorized practice of law statute, RCW 2.48.180 (hereinafter "state Act" or "state Acts").

## II. *Jurisdiction*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, diversity jurisdiction and general federal question jurisdiction. Supplemental jurisdiction exists for the state law claims pursuant to, *inter alia*, 28 U.S.C. § 1367. Venue is properly laid pursuant to 28 U.S.C. §1391(b)

## III. *Parties*

3. Plaintiffs are consumers, as defined by 15 USC §1681(a)c of the FCRA and 15 USC §1692(a)3 of the FDCPA and are natural persons residing in Monroe, Snohomish County, Washington. They are alleged to owe a claim and therefore qualify under RCW 19.16.100.

4. The defendants (other than Providian National Bank, fdba Providian Visa Card, and Providian Financial Corporation prior to merger with Washington Mutual and New American Capital) are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Providian National Bank, f.d.b.a. Providian Visa Card, a national bank, merged into Defendant Washington Mutual Bank, a federally chartered banking institution sometime in 2005 (herein referred to as "Providian" before said merger and "WAMU" following said merger).

6. Likewise, sometime in 2005 Providian Financial Corporation merged into Defendant New American Capital Inc., a Delaware corporation registered as a foreign corporation in the State of Washington under UBI Number 601866428 (also herein "Providian" before said merger and "New American" after said merger).

---

COMPLAINT AND DEMAND FOR JURY TRIAL 2 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

7. Defendant Resurgent Capital Services LP, (herein "Resurgent") is a Delaware limited partnership with addresses at 3817 Elmwood Bldg IV, Sioux Falls, SD 57105-6566; 15 S Main St Ste 600, Greenville, SC 29601; and 9700 Bissonnet Ste 2000, Houston, TX 77036. Resurgent is licensed with the State of Washington Department of Licensing as an out-of-state collection agency and is in the business of regularly publishing credit information and ratings and attempts to collect debts in Washington state and in others by the use of the mails, the courts, the internet and by telephone.

8. Defendant Phillips & Cohen Associates Ltd is a New Jersey corporation with an address at 695 Rancocas Rd, Westampton, NJ 08060 (herein "Phillips & Cohen" or "Phillips"; is licensed with the State of Washington Department of Licensing as an out-of-state collection agency; and is in the business of publishing credit reports and ratings and regularly attempts to collect debts in Washington state and in others by the use of the mails, the courts, the internet and by telephone.

9. Defendant LVNV Funding LLC (herein "LVNV") is a Delaware limited liability company. It has at least three addresses it uses other than its registered address: P.O. Box 3038 Evansville, IN 47730; Bissonnet, Suite 200 Houston, TX 77036; and 15 South Main Street Suite 600 Greenville, SC 29601. It regularly publishes credit reports and attempts to collect debts in Washington state and other by the use of the mails, telephone, the courts and the internet.

10. Defendant Richard J. Boudreau & Associates is a Massachusetts limited liability company and/or law office with a branch office organized under New Hampshire law as a foreign limited liability company regularly publishing credit information on consumers and attempting to collect debts throughout the country including Washington state by the use of the mails, the telephone, the courts and the internet.

COMPLAINT AND DEMAND FOR JURY TRIAL 3 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

## IV. *Background*

11. Defendant Phillips, on behalf of Defendants Resurgent and Providian, called the Ihrigs several times and sent them a letter dated June 24, 2005, postmarked June 27, 2005, demanding payment on an alleged debt to Providian, assigned to Resurgent.

12. The undersigned, as counsel to the Ihrigs, replied by certified letter received by Phillips August 1, 2005. Among other things, the certified letter notified Phillips of the Ihrig's retention of counsel and demanded verification/validation and limited contacts such as no telephone calls.

13. Phillips ignored the undersigned's letter and continued to harass the Ihrigs by continued phone calls. By letter dated September 9, 2005 Phillips again wrote directly to the Ihrigs, despite knowing that the Ihrigs were then represented by counsel, and made further demands for payment.

14. Resurgent and Defendant LVNV are affiliated. It is their custom to transfer their collection claims against consumers between and among themselves and at least nine other affiliated debt collectors to confuse debtors and to avoid compliance with state and federal debt collection and credit reporting statutes.

15. Thus it was that Defendant Boudreau wrote to the Ihrigs by letter dated November 23, 2005 identifying Defendant LVNV as the assignee of the alleged Providian/Resurgent claim.

16. Boudreau, on behalf of LVNV, has ignored all correspondence from the Ihrigs and has continued to place harassing calls to the Ihrigs and the undersigned despite written instructions not to do so.

17. Defendants persisted in contacting the Plaintiffs and continued to attempt to collect on the alleged debt by telephone, fax, the mails and by publication of their claim with various national credit reporting agencies..

18. The Defendants repeatedly placed telephone calls and sent written demands to the Plaintiffs at home and at work contrary to oral and written

COMPLAINT AND DEMAND FOR JURY TRIAL 4 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

instructions not to do so.

19. Some of said calls were made before 8 AM and at other off hours.

20. Some of said calls were repeated on the same day. Some calls were made on successive days and/or within the same week.

21. Some calls were machine-originated daily calls that Boudreau refused to shut off.

22. Defendants Boudreau, Phillips, Resurgent and LVNV are in a class sometimes referred to in their industry as "Zombie Debt Collectors," meaning that they keep the claims they pursue forever active even though the claims are dead pursuant to various statutes.

23. As a result of the acts alleged above, Plaintiffs incurred or suffered increased costs of credit; complications in acquiring financing through third parties, delays in acquiring financing for household purposes through third parties, and credit denials all contributing to emotional and mental distress, aggravation of existing illness, stress-related injuries and/or illnesses, inability to concentrate, impairment of work function, physical ailments, embarrassment, humiliation, injury to reputation, lost income, relational injuries, and expenses for prescription medication and health care providers.

### V. *First Claim for Relief*

24. Plaintiffs repeat, reallege and incorporate by reference paragraphs one through 16, above.

25. Defendants violated the FDCPA and the FCRA. Defendants' violations include, but are not limited to, the following:

(a) By their calls and letters, the Defendants violated 15 U.S.C. § 1692(d) by contacting Plaintiffs contrary to written and verbal instructions not to do so, so as to harass, oppress and abuse Plaintiffs.

(b) Defendants placed calls to the consumer Plaintiffs at times other than those permitted by 15 U.S.C. § 1692c(a)(1), in violation thereof.

COMPLAINT AND DEMAND FOR JURY TRIAL 5 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

(c) Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

(d) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had requested the Defendants to cease communication with the Plaintiff.

(e) The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants and by misrepresenting amounts allegedly due to Defendants.

(f) The Defendants violated 15 U.S.C. § 1692g in that they stated various conflicting amounts of the alleged debt.

(g) By threatening collection activities if payment was not made in full within the FDCPA thirty day validation period regardless of whether the Plaintiffs asserted their statutory rights of validation within that thirty day FDCPA validation period Defendants rendered their ostensible verification notices ineffective contrary to 15 U.S.C. § 1692g.

(h) By failing to include required information and by various errors and omissions in correspondence in this matter, the Defendants detracted from the effective conveyance of notice to the Plaintiffs contrary to 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(10).

(i) By threatening to pursue collection actions Defendants violated 15 U.S.C § 1692e(5) and 15 U.S.C § 1692e(10).

(j) By conducting an investigation Defendants violated 15 U.S.C. § 1692b and/or 15 U.S.C. § 1692c(b).

(k) By failing to fully identify an alleged creditor in their initial communication to the consumers Defendants Phillips and Boudreau violated 15 U.S.C. § 1692g(2).

(l) By reporting their claims to credit reporting agencies, or by reporting their claims and failing or refusing to note said claims as

COMPLAINT AND DEMAND FOR JURY TRIAL 6 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

being disputed, or by refusing to remove their disputed claims from credit reporting agency records the Defendants violated the FDCPA and the Fair Credit Reporting Act (FCRA) (15 USC §§ 1681-1681u).

(m) Actions of the Defendants in continuing to collect as against the Plaintiffs had the natural consequence of harassment, oppression or abuse of the Plaintiffs and thus violated 15 U.S.C. § 1692d.

(n) The Defendants violated 15 U.S.C. § 1692e by making false or misleading statements in correspondence directed to the consumers as to amounts allegedly owing.

(o) Correspondence from Defendants explicitly threatens collection actions regardless of validation or verification and was thus structured primarily or largely for intimidating, harassing and oppressing consumers. The FDCPA prohibits false or misleading representation, and also prohibits false or misleading implications under 15 U.S.C. § 1692e.

(p) The actions of the Defendants in transmitting their letters to the Plaintiffs had the natural consequence of harassment, oppression or abuse of the Plaintiffs and thus violated 15 U.S.C. § 1692d.

(q) The Defendants violated 15 U.S.C. § 1692e(8) by failing to communicate with any credit reporting service that the alleged debt was and is disputed.

(r) Defendant Boudreau, if a law firm, did not have lawyers involved in its dealings with the Ihrigs to the extent required by 15 U.S.C. §§1692a(6), 1692j and 1692e.

(s) Defendant Boudreau is not a law firm but a mere collection agency with lawyers' names attached to its letterhead and stands in violation of virtually all of the FCRA and the FDCPA.

(t) The Defendants violated 15 U.S.C. §1692g by ignoring Plaintiffs'

COMPLAINT AND DEMAND FOR JURY TRIAL 7 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

oral and written demands for verification and thereafter continuing to write and call the Plaintiffs attempting to collect the alleged debt.

(u) Defendant(s) Phillips and/or Resurgent is/are guilty of unfair practices by assigning to Defendants LVNV and/or Boudreau without advising or otherwise cautioning them that the Plaintiffs had exercised their FDCPA rights.

(v) Defendant(s) Phillips and/or Resurgent is/are guilty of unfair practices by assigning to Defendants LVNV and/or Boudreau without advising or otherwise cautioning them that the Plaintiffs had exercised their FDCPA rights and that Phillips and/or Resurgent ignored Plaintiffs' correspondence and phone record.

(w) The Defendants, by their actions, used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

(x) The Defendants are "furnishers" as defined by the FCRA.

(y) The Defendants have consistently ignored the Plaintiffs' written and oral disputes of the alleged debt.

26. As a result of the above violations of the FDCPA and the FCRA, the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages for damage to their reputation, damage to their ability to get credit, loss of the ability to purchase and benefit from credit, damages to their reputations, emotional distress, annoyance, aggravation and frustration; statutory damages; and costs and attorney's fees.

### VI. *Second Claim for Relief*

27. Plaintiffs repeat and reallege and incorporate by reference the foregoing.

28. Defendants violated state Acts. Defendants' violations of the state Acts include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL 8 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.869.4521

(a) The Defendants violated RCW 19.16.110 in that Defendants LVNV and Boudreau were not and are not licensed to do business or collect debts in Washington. While Defendants WAMU and New American Capital are licensed to do business in Washington they, also, are not licensed debt collectors in violation of state statute.

(b) Defendants did not comply with the provisions of RCW 19.16.250 and RCW Chapter 19.86 pursuant to RCW 19.16.440.

(c) The Defendants violated RCW 19.16.250(8) by failing to properly itemize the amount of their claims and by adding amounts not authorized by agreement or law.

(d) The Defendants violated RCW 19.16.250(8)(c) by failing to make the disclosures required therein.

(e) The Defendants violated RCW 19.16.250(9).

(f) The Defendants Boudreau and Phillips repeatedly violated RCW 19.16.250(12) in their communications.

(g) The Defendants violated RCW 19.16.250(18) and (19) by attempting to collect sums not allowed by law or otherwise.

(h) Defendants charged excessive handling fees.

(i) Defendants did not itemize, to comply with state law, the payment demands and notices they faxed and mailed.

(j) Defendants recorded conversations with the Plaintiffs in complete disregard for Washington law, which requires all parties to a telephone conversation to knowingly stipulate to a recording thereof.

(k) The Defendants violated RCW 19.16.250(8)(a) by failing to adequately or concisely disclose their true addresses.

(l) Defendants insisted on communicating directly with the Plaintiffs in direct violation of RCW 19.16.250(11) after being notified by an attorney (the undersigned) that all further communications were to be

COMPLAINT AND DEMAND FOR JURY TRIAL 9 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

addressed to the undersigned.

29. Defendant Boudreau is not licensed to practice law in Washington and the other jurisdictions in which it does business, other than perhaps the four states in which its attorneys claim to be licensed, yet Boudreau, its attorneys, employees, officers or agents performed acts which directly or indirectly constitute the practice of law, all in violation of RCW 2.48.180 and RCW 19.16.250(5).

30. If Defendant Boudreau or its members are licensed to practice law in Washington, it and they violated several canons of ethics and rules of practice for Washington lawyers including but not limited to directly contacting a represented party without permission and over objection.

31. None of the Defendants complied with RCW 19.16.250(8).

32. All of the Defendants violated RCW 19.16.250(10).

33. Defendant Boudreau published or posted, or threatened to publish or post, the names of the Plaintiffs to nine "affiliates" of LVNV, including several finance companies, under the pretense that it was prepared to publish information about the Plaintiffs as part of a "Privacy Notice," all in violation of RCW 19.16.250(3).

34. By engaging in conduct constituting violations of RCW 19.16.250 and RCW 2.48.180, the Defendants engaged in unfair and deceptive trade practices contrary to chapter 19.86 RCW pursuant to, among others, RCW 189.16.440.

35. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt regardless of its validity.

36. As a result of the above violations of law the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

### VII. *Liability of Defendants Providian, WAMU and New American*

37. Plaintiffs repeat and reallege and incorporate by reference the foregoing.

COMPLAINT AND DEMAND FOR JURY TRIAL 10 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

38. If not directly liable herein, Defendants Providian, WAMU and New American are vicariously liable for the actions and omissions of the other defendants.

39. Defendant Providian negligently selected the other defendants herein to perform collection activities.

40. Defendant Providian ratified the conduct of the other defendants herein and is liable therefor.

41. Defendant Providian negligently failed to terminate the other defendants' actions herein.

42. Defendant Providian failed to prevent or remedy unlawful conduct herein.

43. Defendant Providian ignored, disregarded or otherwise failed to meet its obligation to oversee compliance with the FDCPA, the FCRA and the state Acts by their collectors.

44. Defendant Providian failed or omitted to ascertain the exact amounts due and owing as alleged by the other Defendants herein.

45. Defendant Providian and its successors intentionally or negligently allow the continued and indefinite circulation, including sale and resale and endless assignments, of its alleged delinquent accounts throughout the debt collection and credit reporting industries.

46. As a result of Defendant Providian's negligence, intentional acts and/or ratification as above stated, Defendant Providian caused damages to the Plaintiffs, in amounts to be proven at trial.

47. As a result of the above violations of law the Defendants are liable to the Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, contractual damages, and costs and attorney's fees.

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

## VIII. *Tort*

48. Plaintiffs reallege the foregoing and incorporate same by reference.

49. The actions of the defendants herein were intentional, reckless and/or negligent, unreasonable or outrageous in purpose and effect, were undertaken without legal privilege and proximately resulted in emotional and mental distress resulting in injury to the Plaintiffs.

50. The defendants, through their actions herein, unjustifiably invaded the privacy of the Plaintiffs.

51. The defendants, through their actions herein, intruded upon and violated the Plaintiffs' rights to seclusion.

52. The defendants, by their actions herein, held the Plaintiffs up to false light by attributing to the plaintiffs an undesirable or negative character.

53. The defendants defamed the plaintiffs.

54. The defendants attempted to perpetrate a fraud upon the Plaintiffs by asserting false claims.

55. As a direct and proximate result of the tortious actions, omissions and conduct of the defendants against the plaintiffs, plaintiffs suffered injuries and incurred damages the scope and amount of which will be proven at trial.

## IX. *Contract*

56. Plaintiffs reallege the foregoing and incorporate same by reference.

57. Should there exist any contracts between or among the Plaintiffs and Defendants Providian, WAMU and New American, the Defendants, each or all, have breached their implied duty of good faith and fair dealing, to the injury of the Plaintiffs.

58. Said Defendants are liable to the Plaintiffs for their costs and fees herein.

COMPLAINT AND DEMAND FOR JURY TRIAL 12 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521

## X. Class Action

59. As a result of the above violations of the FDCPA and state Acts, the defendants are liable to the Plaintiff in the sum of Plaintiffs' actual damages, statutory damages, and attorneys' fees and costs. Plaintiffs bring this action pursuant to FRCP 23 on behalf of all other persons similarly situated. The named Plaintiffs represent those citizens and consumers who have been the subjects of collection activities by the Defendants herein. Said persons constitute a class so numerous that joinder of all members is impracticable. The names of those persons are ascertainable from the records and accounts of the Defendants. The claims of the Plaintiffs are typical of the claims of the class; there are questions of fact and law common to the class; and the named Plaintiffs will fairly and adequately protect the interests of the class. The parties opposing the class have acted on grounds generally applicable to the class and this is an appropriate action for a class action since the questions of facts and law common to the members of the class predominate over any questions affecting only individual members. A class action is superior to any other method for the fair and efficient adjudication of the controversy.

60. Plaintiffs reserve the right to amend this Complaint at such time as additional or conflicting evidence is disclosed.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants in the amount of:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Statutory damages pursuant to RCW Chapter 19.86;

(d) Statutory damages pursuant to FCRA;

(e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; RCW Chapter 19.86; and FCRA

(f) Contractual damages, costs and fees.

COMPLAINT AND DEMAND FOR JURY TRIAL 13 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.869.4521

(g) Injunctive relief and

(h) Such other and further relief as may be just and proper.

Respectfully submitted this 11th day of April, 2006

*James J. Sullivan*
WSBA No. 12423
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs demand trial by jury in this action.

*James J. Sullivan*

COMPLAINT AND DEMAND FOR JURY TRIAL 14 of 14

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004
Telephone: 425.889.4521