Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TANA IHRIG and MARK IHRIG, | ) | NO. 2:06-cv-00512-RSM |
| | ) | |
| Plaintiffs, | ) | ANSWER OF RESURGENT |
| | ) | CAPITAL SERVICES, LP |
| v. | ) | |
| | ) | |
| WASHINGTON MUTUAL BANK, formerly | ) | |
| known as PROVIDIAN NATIONAL BANK; | ) | |
| NEW AMERICAN CAPITAL, INC., a | ) | |
| Delaware corporation, formerly known as | ) | |
| PROVIDIAN FINANCIAL CORPORATION; | ) | |
| RICHARD J. BOUDREAU & ASSOCIATES, | ) | |
| LLC, a Massachusetts limited liability | ) | |
| company; LVNV FUNDING LLC, a Delaware | ) | |
| limited liability company; PHILLIPS & | ) | |
| COHEN ASSOCIATES, LTD, a New Jersey | ) | |
| corporation; and RESURGENT CAPITAL | ) | |
| SERVICES, LP, a Delaware limited | ) | |
| partnership, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Resurgent Capital Services LP (hereinafter "Resurgent") as and for its

Answer to the Complaint of Plaintiffs Tana Ihrig and Mark Ihrig (hereinafter "Plaintiffs")

denies each and every allegation unless otherwise specifically admitted herein or otherwise

qualified and states and alleges as follows:

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

1.      In response to the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, Resurgent admits that Plaintiffs have brought an action against Defendants alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and various state laws, but denies that it has violated any law. Resurgent states that it has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

2.      In response to the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, Resurgent admits that jurisdiction and venue are asserted under the statutory sections referenced therein, but denies that jurisdiction or venue are appropriate as Resurgent has not violated any law.

3.      In response to the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, Resurgent admits that Plaintiffs allegedly owe a claim. Resurgent states that it has insufficient information and knowledge to either admit or deny the remaining allegations set forth in said Paragraph and therefore denies the same.

4.      In response to the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, Resurgent states that to the extent the allegations are directed against it, Resurgent admits that at times it is a debt collector, but it has insufficient information and knowledge to either admit or deny whether it acted as a debt collector in the instant matter. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the remaining allegations set forth in said Paragraph and therefore denies the same.

5.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and therefore denies the same.

6.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-2-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

7.      In response to the allegations set forth in Paragraph 7 of Plaintiffs' Complaint, Resurgent admits that it is a limited partnership organized under the laws of the State of Delaware with offices in the locations alleged in South Dakota and South Carolina. Resurgent denies that it currently has an office in Houston, Texas. Resurgent admits that it is licensed with the State of Washington Department of Licensing as an out-of-state collection agency and further admits that on occasion it publishes credit information and attempts to collect debt in Washington state as well as other states.

8.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

9.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.      In response to the allegations set forth in Paragraph 11 of Plaintiffs' Complaint, on information and belief, Resurgent admits that Defendant Phillips and Cohen Associates, Ltd. ("Phillips") contacted Plaintiffs. Resurgent denies that Phillips did so on behalf of Resurgent. As to all other allegations, Resurgent has insufficient information and knowledge to either admit or deny and therefore denies the same.

12.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

14. In response to the allegations set forth in Paragraph 14 of Plaintiffs' Complaint, Resurgent admits that Resurgent and LVNV Funding LLC are affiliated, yet separate entities and denies all remaining allegations against it. To all other extents, Resurgent has insufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15. Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16. Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17. In response to the allegations set forth in Paragraph 17 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

18. In response to the allegations set forth in Paragraph 18 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

19. In response to the allegations set forth in Paragraph 19 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

20. In response to the allegations set forth in Paragraph 20 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-4-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

21.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     In response to the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

23.     In response to the allegations set forth in Paragraph 23 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

24.     In response to Paragraph 24 of Plaintiffs' Complaint, Resurgent restates and realleges paragraphs 1 through 23.

25.     In response to the allegations set forth in Paragraph 25 of Plaintiffs' Complaint, and all its subparts, to the extent that the allegations constitute a conclusion of law, no response is necessary. To the extent a response is necessary, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

26.     In response to the allegations set forth in Paragraph 26 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

27.     In response to Paragraph 27 of Plaintiffs' Complaint, Resurgent restates and realleges paragraphs 1 through 26.

28.     In response to the allegations set forth in Paragraph 28 of Plaintiffs' Complaint, and all its subparts, to the extent that the allegations constitute a conclusion of

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-5-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

law, no response is necessary. To the extent a response is necessary, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

29.     In response to Paragraph 29 of Plaintiffs' Complaint, Resurgent states that the allegations constitute a conclusion of law and as such no response is necessary. To the extent that a response is required, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth and therefore denies the same.

30.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and therefore denies the same.

31.     In response to Paragraph 31 of Plaintiffs' Complaint, Resurgent states that the allegations constitute a conclusion of law and as such no response is necessary. To the extent that a response is required, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

32.     In response to Paragraph 32 of Plaintiffs' Complaint, Resurgent states that the allegations constitute a conclusion of law and as such no response is necessary. To the extent that a response is required, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

33.     In response to Paragraph 33 of Plaintiffs' Complaint, Resurgent states that the allegations constitute a conclusion of law and as such no response is necessary. To the extent that a response is required, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-6-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

34.     In response to Paragraph 34 of Plaintiffs' Complaint, Resurgent states that the allegations constitute a conclusion of law and as such no response is necessary. To the extent that a response is required, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

35.     In response to the allegations set forth in Paragraph 35 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

36.     In response to the allegations set forth in Paragraph 36 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

37.     In response to Paragraph 37 of Plaintiffs' Complaint, Resurgent restates and realleges paragraphs 1 through 36.

38.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and therefore denies the same.

39.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

40.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

41.     Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 41 of Plaintiffs' Complaint and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

42.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and therefore denies the same.

43.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint and therefore denies the same.

44.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and therefore denies the same.

46.      Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and therefore denies the same.

47.      In response to the allegations set forth in Paragraph 47 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

48.      In response to Paragraph 48 of Plaintiffs' Complaint, Resurgent restates and realleges paragraphs 1 through 47.

49.      In response to the allegations set forth in Paragraph 49 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-8-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

50.     In response to the allegations set forth in Paragraph 50 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

51.     In response to the allegations set forth in Paragraph 51 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

52.     In response to the allegations set forth in Paragraph 52 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

53.     In response to the allegations set forth in Paragraph 53 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

54.     In response to the allegations set forth in Paragraph 54 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

55.     In response to the allegations set forth in Paragraph 55 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

56.     In response to Paragraph 56 of Plaintiffs' Complaint, Resurgent restates and realleges paragraphs 1 through 55.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-9-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

57.     In response to the allegations set forth in Paragraph 57 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

58.     In response to the allegations set forth in Paragraph 58 of Plaintiffs' Complaint, Resurgent denies all allegations against it. To all other extents, Resurgent states that it has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same.

59.     In response to the allegations set forth in Paragraph 59 of Plaintiffs' Complaint, Resurgent denies all allegations.

60.     In response to Paragraph 60 of Plaintiffs' Complaint, Resurgent admits that Plaintiffs assert the right to amend this Complaint at a later date, but denies that Plaintiffs have the right to amend this Complaint as to Resurgent as it has not violated any law.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

All of Resurgent's actions complied with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Washington state laws, to the extent said laws are applicable to this matter, if they are applicable at all.

SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which Resurgent denies, was due to the affirmative actions and/or omissions of others and does not give rise to any liability of Resurgent.

THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which Resurgent denies, was due to the affirmative actions and/or omission of others and does not give rise to any claim of damages against Resurgent.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-10-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Resurgent.

FIFTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., which Defendant Resurgent denies, was not intentional and was the result, if at all, of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

SIXTH DEFENSE

Resurgent denies all material allegations which purport that Resurgent violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., or any Washington state law or regulation.

SEVENTH DEFENSE

Upon information and belief, Plaintiffs' underlying credit contract calls for and requires arbitration of any and all disputes.

EIGHTH DEFENSE

Plaintiffs have suffered no damages as a result of any acts or omissions of Resurgent.

NINTH DEFENSE

Plaintiffs' claims for violation of Washington law are preempted by the FCRA.

TENTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

ELEVENTH DEFENSE

Resurgent reserves the right to seek its reasonable attorney fees and costs pursuant to the 15 U.S.C. §§ 1692k(a)(3), 1681n(c), and 1681o(b) if the Court should deem Plaintiffs' action to have been brought in bad faith for the purpose of harassing Resurgent, and pursuant to RCW 4.84.250 et seq.

ANSWER OF RESURGENT
CAPITAL SERVICES, LP
0605-03 ss

-11-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318
Fax (425) 712-8418
e-mail:steve@stevebernheim.com

1    TWELFTH DEFENSE

2        Defendants' state law claims are barred by 15 U.S.C. § 1681h(e).

3    RESERVATION OF DEFENSES

4        Resurgent reserves the right to assert such other affirmative defenses available

5    pursuant to the Federal Rules of Civil Procedure as applicable as may be revealed through

     disclosure and discovery in this matter.

6
         WHEREFORE, Resurgent prays for an order and judgment of this Court in its favor

7    against Plaintiffs as follows:

8        1.    Dismissing all causes of action against Resurgent with prejudice and on the

9    merits;

10       Awarding Resurgent such other and further relief as the Court deems just and

11   equitable.

12       DATED this 1st day of June, 2006.

13

14                                        /s/  Stephen A. Bernheim
                                          Stephen A. Bernheim, WSBA #15225
15                                        Attorney for Defendants LVNV Funding LLC
                                          and Resurgent Capital Services, LP
16

17

18

19

20

21

22

23

24

25   ANSWER OF RESURGENT
     CAPITAL SERVICES, LP
26   0605-03 ss

27                                                       STEPHEN A. BERNHEIM
                                                         ATTORNEY AT LAW
                            -12-                          512 Bell Street
                                                         Edmonds, Washington  98020
28                                                       (425) 712-8318
                                                         Fax (425) 712-8418
                                                         e-mail:steve@stevebernheim.com