The Honorable Ricardo S. Martinez

Lance E. Olsen
WSBA #25130
Routh Crabtree Olsen, P.S.
3535 Factoria Blvd SE, Suite 200
Bellevue, WA 98006
Telephone: 425-586-1905
Facsimile: 425-586-5905
lolsen@rcflegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANA IHRIG and MARK IHRIG,<br><br>                   Plaintiffs,<br><br>    v.<br><br>WASHINGTON MUTUAL BANK, formerly known as Providian National Bank; NEW AMERICAN CAPITAL, INC., a Delaware corporation, formerly known as Providian Financial Corporation; RICHARD J. BOUDREAU & ASSOCIATES, LLC, a Massachusetts limited liability company; LVNV FUNDING, LLC, a Delaware limited liability company; PHILLIPS & COHEN ASSOCIATES, LTD, a New Jersey corporation; and RESURGENT CAPITAL SERVICES, LP, a Delaware Limited Partnership,<br><br>                   Defendants. | No. CV6 512RSM<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED, BY WASHINGTON MUTUAL BANK AND SUPPORTING MEMORANDUM AND POINTS OF AUTHORITY<br><br>NOTE ON MOTION CALENDAR:<br>July 21, 2006 |

**TO PLAINTIFF AND TO THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on July 21, 2006, or as soon thereafter as the

matter may be heard in the above-entitled Court, Washington Mutual Bank,

successor in interest to Providian National Bank ("WAMU"), and New America

MEMORANDUM AND POINTS
OF AUTHORITY - 1

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

1  Capital, Inc. successor in interest to Providian Financial Corporation ("PFC"), by and

2  through their attorney, Lance Olsen of Routh Crabtree Olsen P.S., will move the

3  Court to dismiss Plaintiffs' complaint pursuant to F.R.C.P. rule 12(b)(6) on the

4  grounds that Plaintiff has failed to state a claim upon which relief can be based.

5       This Motion is based upon the accompanying Memorandum of Points and

6  Authorities and the pleadings on file in this case.

7

8  Dated: June  2 7 , 2006                    ROUTH CRABTREE OLSEN, P.S.

9

10                                            Lance E. Olsen, WSBA #25130
                                              Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

## MEMORANDUM AND POINTS OF AUTHORITY

### I.    INTRODUCTION

COME NOW Defendants Washington Mutual Bank successor in interest to Providian National Bank ("WAMU"), and New America Capital, Inc. successor in interest to Providian Financial Corporation ("PFC"), by and through their attorney, Lance Olsen of Routh Crabtree Olsen P.S., and move this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### II.    MATERIAL FACTS

In April of 2001, Providian National Bank issued a credit card to Tana L. Ihrig ("Plaintiff") bearing account number 4559-5425-0046-0215. Affidavit of Jill Pulliam at ¶ 3.

In September of 2004, Providian National Bank closed the credit card account thus prohibiting any further borrower charges or advances to the account. Affidavit of Jill Pulliam at ¶ 4.

In November of 2004, Providian sold all rights and interests in the account to an unrelated third party. Under the terms of sale, Providian retained no rights to collect payments and rights to any dollars collected on the account after the date of sale. Affidavit of Jill Pulliam at ¶ 5.

All activities of which Plaintiff complains began after Providian had sold all rights and interest to Plaintiff's account  and after such time that Providian had any influence or control over activity on the account, including the choice of agent for collection. Complaint at ¶¶ 11 – 22.

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

III.    **AUTHORITY AND ARGUMENT**

**STANDARDS GOVERNING A MOTION TO DISMISS**

The action should be dismissed if, accepting the plaintiff's allegations as true, the court concludes that no set of facts consistent with the complaint could be proved which would entitle the plaintiff to relief against the moving party. Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001) (citing Conley v. Gibson. 355 U.S. 41, 45-46 (1957)). Neither the defendants nor the court are bound by legal conclusions set forth in the complaint as allegations of fact. Papsan v. Allain, 478 U.S. 265, 285, 105 S.Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986). In addition, while doubts should be construed in favor of the pleader, a liberal interpretation cannot be used to provide essential elements of a claim which are lacking in the complaint itself. Ivey v. Bd. Of Regents of the University of Alaska 673 F.2d 266, 268 (9th Cir. 1982). Judicial notice may be taken of matters within the public record. Notice of this type will not convert the motion from one to dismiss to one for summary judgment. 5A Wright & Miller, Federal Practice and Procedure, §1364 at 140-41 (2004); Kramer v. Time Warner, Inc., 937 F.2d 767,773 (2d Cir. 1991). Moreover," if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." 5A Wright & Miller, Federal Practice and Procedure §1364 (2004). An affidavit or declaration may accompany a motion to dismiss. North Star International v. Arizona Corporation Commission, 720 F.2d 578, 581-82 (9th Cir. 1983). The Complaint's

MEMORANDUM AND POINTS
OF AUTHORITY - 4

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2133

first, second, fourth and fifth claims for relief, as well as the suggestion of class relief, all relate to conduct of defendants other than the moving party. Complaint, at Prayer ¶¶ 11-22.

Plaintiff, acknowledging that WAMU and PFC in no way directly violated any law, argues in the complaint that each should be vicariously liable for the actions of others. This claim, along with all other causes of action, should be dismissed outright.

## A.    DEFENDANTS ARE NOT DEBT COLLECTORS AS DEFINED BY THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").

Under 11 U.S.C. § 1692(a)(6), the term "debt collector" means any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. It is clear that the primary purpose of the FDCPA is the regulation of third party debt collectors, and not the original creditors of a debtor. United States v. Central Adjustment Bureau, 823 F.2d 880, 881 (5th Cir. 1987). Consequently, creditors collecting their own debts are exempt from coverage. Dau v. Storm Lake Production Credit Association 626 F. Supp. 862, 863-64 (N.D. Iowa 1985).

Therefore, even if Defendants had a debt, and even if they were engaged in the collection of that debt, they would not be liable under the Fair Debt Collection Practices Act because the only relevant debt is debt that Providian National Bank originated. Therefore, all causes of action alleged against Defendants under the FDCPA must be dismissed.

MEMORANDUM AND POINTS
OF AUTHORITY - 5

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

**B. DEFENDANTS ARE NOT ENGAGED IN COLLECTING THE DEBTS OWED OR DUE ANOTHER AND ARE THEREFORE NOT SUBJECT TO THE PROVISIONS OF RCW 19.16 et. seq.**

Under RCW 19.16, the term "Collection Agency" means any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person.

PNB originated the debt in question and is not alleged to have engaged in any conduct to collect debts owed or asserted owed to another. Therefore, even if it had not sold that debt and even if it had retained any right or interest in the debt, it could not be liable under the provisions of RCW 19.16 et. seq. Therefore, all causes of action against Defendants under RCW 19.16 must be dismissed.

**C. DEFENDANTS ARE NOT LIABLE UNDER THE FAIR CREDIT REPORTING ACT BECAUSE DEFENDANTS REPORTED THE ACCOUNT AS SOLD AND PLAINTIFF FAILS TO ALLEGE ANY NOTIFICATION OF DISPUTE.**

Plaintiff's only allegation concerning the Fair Credit Reporting Act is listed in paragraph 25(I) wherein it is asserted that by reporting their claims to credit reporting agencies, or by reporting their claims and failing or refusing to note said claims as being disputed, or by refusing to remove their disputed claims from credit reporting agency records the Defendants violated the FDCPA and the Fair Credit Reporting Act (FCRA).

Under 15 U.S.C. § 1681(i), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.  Plaintiff makes no allegation that at any time notice of the dispute was delivered to any of the reporting agencies.

Under 15 U.S.C. § 1681s-2, furnishers of information have no duty to investigate the existence of inaccurate information, correct information alleged to be inaccurate or note an account has been disputed until and unless the consumer first notifies the furnisher, at the address specified for such notices, of the dispute or the furnisher receives a timely notice of dispute from a credit reporting agency.  In the case at bar, Plaintiff does not allege that it provided such notice directly to the Defendants at any address or to any credit reporting agency.  Therefore, there can be no claim of liability under the FCRA and all such causes of action should be dismissed.

**D. DEFENDANTS WAMU & PFC DID NOT SELECT ANY DEFENDANT DESCRIBED IN THE COMPLAINT, DID NOT CONTROL ANY DEFENDANT DESCRIBED IN THE COMPLAINT AND HAD NO RELATIONSHIP WITH ANY DEFENDANT NAMED IN THE COMPLAINT.**

Vicarious liability is the imputation of liability upon one person for the actions of another.  A basic tenet of vicarious liability is a master-servant relationship between the defendant and the alleged tortfeasor.  For example, an employee, while in the scope of his employment for an employer, drives a truck hitting and injuring a

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

MEMORANDUM AND POINTS
OF AUTHORITY - 7

person crossing the street may be vicariously liable under the doctrine of *respondeat superior*.  The doctrine of *respondeat superior* can probably be best explained as an outgrowth of the sentiment that it would be unjust to permit one to gain from the intelligent cooperation of another without being responsible for the mistakes, the errors of judgment and the frailties of those working under his direction and for his benefit." *Petro-Tech, Inc. v. Western Co. of North America*, 824 F.2d 1349, 1358 (3d Cir. 1987)  *Respondeat superior* liability also provides employers and principals with an incentive to monitor employees and agents to deter wrongful conduct.

    In the case at bar, Plaintiff has failed to establish any relationship between Defendants and the parties alleged to have engaged in wrongful conduct.  Further, Plaintiff has failed to allege how Defendants benefited from the alleged misconduct or could have in any way controlled any party alleged to have engaged in misconduct.  Put simply, because there lacks any agency or similar relationship between Defendants and the parties alleged to have engaged in misconduct, there can be no vicarious liability.

    Under the theory put forward by Plaintiff, not only is the owner of the truck in the above example liable to the injured party, but so is the dealership that sold the truck.  Defendants are unaware of any case, law or theory that would support such a cause of action.

    Once Providian sold the account to an unrelated third party, it lost all control over the account and ceased to participate in or benefit from collection activity.  Therefore, once Providian sold the account, it ceased to be liable for conduct concerning the account initiated after the date of sale.

MEMORANDUM AND POINTS
OF AUTHORITY - 8

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

1
2
3

## IV.    CONCLUSION

4
5
6
7
8
9

Defendants sold Plaintiff's account to a third party before the account had been placed with any other defendant for collection.  Defendants did not benefit from or control the activity of any other defendant and thus cannot be liable for the misconduct alleged of other defendants.  Therefore, Defendants respectfully request the Court dismiss all causes of action against them in their entirety.

10    DATED: June ___, 2006

11                                          Respectfully submitted,

12                                          ROUTH CRABTREE OLSEN, P.S.

13
14
15                                          BY: _____
                                            LANCE E. OLSEN, WSBA #25130
16                                          Attorneys for Defendants
17
18
19
20
21
22
23
24
25
26

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

MEMORANDUM AND POINTS
OF AUTHORITY - 9

**Declaration of Service**

The undersigned makes the following declaration:

1.      I am now, and at all times herein mentioned was a resident of the State

of Washington, over the age of eighteen years and not a party to this action,

and I am competent to be a witness herein.

2.      That on June 27, 2006, I caused a copy of the NOTICE OF MOTION

AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY WASHINGTON

MUTUAL BANK, MEMORANDUM OF LAW IN SUPPORT; and PROPOSED

ORDER GRANTING DEFENDANT WASHINGTON MUTUAL BANK'S

MOTION, to be served to the following in the manner noted below:

| | |
|---|---|
| James J Sullivan<br>Law Offices of James J Sullivan<br>11110 NE 38th PL<br>Bellevue, WA. 98004<br><br>Attorney for Plaintiffs | [X] US Mail, Postage Prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[X] ECF Electronic Notice |

I declare under penalty of perjury under the laws of the state of Washington

that the foregoing is true and correct.

Signed this _____ day of June, 2006.

_____
Kristine Stephan, Paralegal

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131